NO. 07-03-0358-CR

NO. 07-03-0359-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 16, 2005

_____

THOMAS CRAIG LYONS,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 258TH DISTRICT COURT OF POLK COUNTY;

NOS. 16,760 and 16,761; HON. JERRY SANDEL, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, REAVIS, and CAMPBELL, JJ.

Appellant, Thomas Craig Lyons, appeals his two convictions for aggravated sexual assault of a child. Pursuant to open pleas of guilty and a punishment hearing, the trial court found that the evidence substantiated findings of guilt, found him guilty of each offense, and sentenced him to 15 years in prison. Thereafter, appellant appealed.

Appellant's appointed counsel filed a motion to withdraw, together with an *Anders*[1] brief wherein he certified that, after diligently searching the record, he concluded that the appeals were without merit. Along with his brief, appellate counsel attached a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response or brief *pro se.* By letter dated April 12, 2005, this court also notified appellant of his right to tender his own brief or response and set May 6, 2005, as the deadline to do so. Appellant filed a *pro se* response.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed several potential areas for appeal. They involve 1) the voluntariness of appellant's plea, 2) the admonishments concerning the effect of his plea, and 3) error in the sentencing. However, counsel has satisfactorily explained why each argument lacked merit.

Through his *pro se* brief, appellant also raised the issue of whether he received effective assistance of counsel at trial because his attorney purportedly 1) failed to do any pretrial investigation, 2) failed to seek out and interview potential witnesses, 3) failed to file a pretrial motion to take depositions of the victims, and 4) promised him that if the trial court made a finding that placing him on community supervision was in the best interest of the victims, he would automatically be granted probation. The record, however, is devoid of any evidence supporting any of the claims. So, since claims of ineffective assistance must be firmly founded in the record, *McFarland v. State,* 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), *overruled on other grounds by Mosley v. State,* 983 S.W.2d 249 (Tex. Crim. App. 1998), and appellant's is not, we find the allegation lacking in merit.

---

[1]*Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

Lastly, we conducted our own review of the record to uncover any arguable error, as required by *Stafford v. State,* 813 S.W.2d 503 (Tex. Crim. App. 1991), and found none. Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


Brian Quinn
Justice


Do not publish.